IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KAREN JACKSON, | ] | 8:CV15-_____ |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| vs. | ] | COMPLAINT |
| | ] | |
| CATHOLIC CHARITIES of the | ] | |
| ARCHDIOCESE OF OMAHA, INC. | ] | |
| | ] | |
| Defendant. | ] | |

## JURISDICTION & VENUE

1.      Suit is brought and jurisdiction lies pursuant to the following theories of recovery:

    a.      Section 107(a) of the Americans with Disabilities Act (ADA);

    b.      §706 of Title VII of the Civil Rights Act of 1964, as amended;

    c.      The Age Discrimination in Employment Act (ADEA) [29 USC §§621-634];

    d.      42 U.S.C. §2000(e) for discrimination in employment based upon age or gender; as amended;

    e.      Ancillary jurisdiction pursuant to Nebraska Law at *Neb. Rev. Stat.* §48-1101 et seq. (Nebraska Fair Employment Practices Act).

    f.      Wrongful Discharge from Employment including violation of public

policy and denial of due process; and

g.     Retaliation.

2.     Venue is proper in this district pursuant to 28 U.S.C. §1391.

3.     All conditions precedent to the above jurisdiction has occurred or been complied with.

4.     A charge of employment discrimination on the above cited bases was filed with the Equal Employment Opportunity Commission (EEOC) and the Nebraska Equal Opportunity Commission (NEOC) within 180 days of the acts of unlawful employment practices alleged herein.

5.     On or about May 25, 2015, the plaintiff received a Letter from the U S Equal Employment Opportunity Commission, dated May 22, 2015, providing plaintiff with Notice of Her Right to Sue.

6.     This Complaint has been filed within 90 days of the receipt of the Notification of Right to Sue.

PARTIES

7.     The plaintiff is, and at all times relevant to the actions complained of here has been, a resident of Omaha, Douglas County, Nebraska and presently resides in this city.

8.     The defendant, Catholic Charities of the Archdiocese of Omaha, Inc. is incorporated under the laws of the State of Nebraska, with its principal place

of business in the State of Nebraska and doing business in Omaha, Douglas County, Nebraska.

## FIRST CLAIM FOR RELIEF
## VIOLATION OF AMERICANS WITH DISABILITIES ACT

9.    Defendant is a "person" within the meaning of §101(7) of the ADA, 42 U.S.C. §12111(7), and §701 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

10.   Defendant is engaged in an industry that affects commerce within the meaning of §101(7) of the ADA, 42 U.S.C. §12111(7), and §701 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

11.   Defendant employs 15 or more employees and is an employer within the meaning of  §101(5)(A) of the ADA, 42 USC §12111(5)(A).

12.   On January 27, 2003,  the plaintiff was hired by the defendant; at all times relevant to the actions complained here, the plaintiff was an employee of the defendant.

13.   Throughout her employment by the defendant, the plaintiff met all applicable job qualifications, was qualified for the position which she held, and performed the job in a manner which fully met the defendant's legitimate expectations.

14.   From March 20, 2014 to present Jackson was an individual with a "disability" within the meaning of Section 3(2) of the ADA, 42 U.S.C. §12102.  More particularly, she had a physical impairment that substantially limited one or more of her major life activities, had a record of such impairment (diagnosed by a surgeon), and defendant perceived her with such impairment.

15.   Jackson was a "qualified individual with a disability" as that term is defined in §101(8) of the ADA, 42 U.S.C. §12111(8).  More specifically, Jackson was an individual who, with reasonable accommodation, could perform the essential functions of her job with defendant.

16.   Jackson made oral and written request to defendant for accommodation on June 23, 2014 that she be allowed to use a different desk and computer layout.

17.   Despite Jackson's request, defendant refused to make reasonable accommodation for her.

18.   Defendant's failure to make reasonable accommodation to Jackson's physical disability constituted discrimination against her with respect to the terms, conditions, or privileges of employment.  Defendant's actions constituted a violation of §102(b)(5)(8) of the ADA, 42 U.S.C. §12112(b)(5)(A).  It is also was violative of the Nebraska Fair Employment Act.

19.  Defendant failed to undertake any good faith efforts, in consultation with Jackson, to identify and make reasonable accommodation with Jackson.

20.  Defendant in response to Jackson's requested accommodation constructively discharged her on July 2, 2014, thereby obviating the need for further action by defendant to accommodate.

21.  In all of the above referenced actions, Defendant acted with malice or with reckless indifference to the federally protected rights of Jackson.  It also acted contrary to her state rights.

22.  As a direct and proximate result of Defendant's discrimination and retaliation against Jackson, she lost gainful employment, and has lost, and continues to lose, income and benefits that are rightfully due and owing to her.

## SECOND CLAIM FOR RELIEF
## AGE DISCRIMINATION IN EMPLOYMENT ACT

23.  Plaintiff incorporates paragraphs 1 thru 22.

24.  When discharged by the defendant, the plaintiff was 53½ years of age, having been born on November 17, 1960.

25.  The defendant refused to retain the plaintiff because of her age.

26.  The defendant treated employees not in the protected age group more favorably because of their age.

27.  The plaintiff was replaced by a person approximately 30-39 years of age.

28.   The plaintiff was discharged while employees not in the protected age group were retained.

29.   The defendant's violation of 29 USC §623(a)(1) of the Age Discrimination in Employment Act was willful.

30.   The defendant's violation of 29 USC §623(a)(1) of the Age Discrimination in Employment Act has proximately caused the plaintiff to suffer damages.

## THIRD CLAIM FOR RELIEF
### WRONGFUL DISCHARGE FROM EMPLOYMENT

## FOURTH CLAIM FOR RELIEF
### RETALIATION

31.   Plaintiff incorporates paragraphs 1 thru 30.

32.   Plaintiff accepted employment with defendant with an understanding that she would be discharged only for just cause and only in accordance with specified procedures.

33.   Plaintiff was afforded no due process in regard to her termination from employment.

34.   The plaintiff was due good faith and fair dealing by defendant that is public policy; the plaintiff was protected by that public policy and defendant's motivation in constructively terminating plaintiff violated that public policy.

35.   All acts by defendant were in retaliation of plaintiff's protected rights and are

subject to exemplary damages imposed for defendant's conduct.

RELIEF REQUESTED

1.  Find and hold that plaintiff has suffered from defendants' acts of discrimination on the basis of disability;

2.  Find and hold that plaintiff has suffered from defendant's acts of discrimination on the basis of age;

3.  Find that plaintiff was constructively and wrongfully discharged and such discharge was in retaliation.

4.  Order that plaintiff be awarded the back pay and benefits she would have earned, with interest thereon, had she not had a constructive dismissal as of July 2, 2014.

5.  Award plaintiff the front pay and benefits that she would have earned for a reasonable time had she not been improperly discharged;

5.  Award plaintiff compensatory damages in an amount to be determined at trial;

6.  Award plaintiff punitive damages in an amount to be determined at trial;

7.  Award plaintiff attorney fees, litigation expenses, and the costs of this action;

8.  Award plaintiff such other relief as is just and meet.

PLAINTIFF REQUESTS TRIAL BY JURY in OMAHA.

KAREN JACKSON,
Plaintiff,

By _____
    Jerry W. Katskee, #12145
    J KATSKEE LAW PC LLO
Of KATSKEE, SUING & MAXELL PC LLO
    10404 Essex Court, Suite 100
    Omaha, NE 68114-3746
    (402) 391-1697
    E-mail: jerry@katskee.com

Her Attorney