## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KAREN JACKSON, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | 8:15CV290 |
| v. | ) | |
| CATHOLIC CHARITIES | ) | ORDER |
| OF THE ARCHDIOCESE | ) | |
| OF OMAHA, INC., | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter comes before the court on the plaintiff's Motion to Compel, For Amendment of Scheduling Order, and for Costs and Attorney Fees (Filing No. 29). The plaintiff did not file a brief in support of its motion in compliance with this court's local rule, which provides, "A motion raising a substantial issue of law must be supported by a brief filed and served together with the motion. *The brief must be separate from, and not attached to or incorporated in, the motion* or index of evidence." NECivR 7.1(a)(1)(A) (emphasis added). "A party's failure to brief an issue raised in a motion may be considered a waiver of that issue." *Id.* Although the plaintiff did not file a brief, the court will nevertheless consider the arguments contained within her motion.

The plaintiff, a former employee of the defendant, filed this action alleging the defendant discriminated against her on the basis of her gender and disability, and unlawfully discharged her employment, in violation of section 107(a) of the Americans with Disabilities Act ("ADA"), section 706 of Title VII of the Civil Rights Act of 1964, and the Nebraska Fair Employment Practices Act. (Filing No. 6). The motion currently before the court concerns the defendant's responses to the plaintiff's interrogatories and requests for production of documents. (Filing No. 29 at p. 2). The defendant asserts it provided responses relevant to the plaintiff's claims, but objected to the remainder of the plaintiff's requests because they are not limited to similarly situated employees as the

1

plaintiff and seek information related to other types of discrimination not alleged in the plaintiff's complaint. (Filing No. 30 at p. 2).

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). "Discovery requests should be considered relevant if there is any possibility the information sought is relevant to any issue in the case and should ordinarily be allowed, unless it is clear the information sought can have no possible bearing on the subject matter of the action." *Met-Pro Corp. v. Industrial Air Technology, Corp.*, No. 8:07CV262, 2009 WL 553017, * 3 (D. Neb. March 4, 2009). "[R]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *WWP, Inc. v. Wounded Warriors Family Support, Inc.*, 628 F.3d 1032, 1039 (8th Cir. 2011) (*quoting* Fed. R. Civ. P. 26(b)(1)). If the relevancy of the discovery request is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request. *Moses v. Halstead*, 236 F.R.D. 667, 671 (D. Kan. 2006).

The plaintiff's complaint alleges individualized claims of discriminatory treatment and adverse employment action on the basis of her gender and disability. In order to support her claims of gender and disability discrimination, the plaintiff may present direct evidence of discrimination, if such evidence exists, or evidence creating an inference of unlawful discrimination. See, e.g., *Wells v. SCI Mgmt., L.P.*, 469 F.3d 697, 700-01 (8th Cir. 2006); *Wilking v. Cty. of Ramsey*, 153 F.3d 869, 872 (8th Cir. 1998). To create an inference that adverse employment action was based on unlawful discrimination, a plaintiff may show pretext by presenting evidence that an employer treats "'similarly-situated employees in a disparate manner.'" *Blackwell v. Alliant Techsystems, Inc.*, 822 F.3d 431, 435 (8th Cir. 2016) (quoting *Young v. Builders Steel Co.*, 754 F.3d 573, 578 (8th Cir. 2014)). "Comparator employees must be 'similarly situated in all relevant respects.'" *Id.* "While claims of disparate treatment, of necessity, require discovery of how others have been treated, it should be reasonably related to the circumstances involved in the

2

alleged discrimination and to a time frame involving the alleged discriminatory conduct and the individuals who are allegedly involved in that conduct." *Hardrick v. Legal Servs. Corp.*, 96 F.R.D. 617, 618-19 (D.D.C. 1983).

In reviewing the plaintiff's requests, the court agrees with the defendant that the discovery sought by the plaintiff is overbroad and not aimed at discovering nonprivileged evidence relevant to the plaintiff's claims and proportional to the needs of the case. The plaintiff's interrogatories and requests for production of documents seek company-wide information regarding matters irrelevant to the plaintiff's claims of gender and disability discrimination, including the defendant's employees' race, age, and coverage under pension plans or 401(k) plans. The plaintiff's discovery requests also seek, among other things, a complete list of all of the defendant's employees from 2013 to the present, including their names, salary, job title and description, performance evaluations, and education level; the same information with respect to all employees discharged by the defendant from 2013 to the present; and all company-wide job openings subsequent to the plaintiff's departure. (Filing No. 29-1; Filing No. 29-2). The defendant appropriately tailored its responses to the plaintiff's discovery requests to disclose evidence related to the plaintiff's claims for gender and disability discrimination, and limited its responses to employees with similar job responsibilities and titles as the plaintiff. Therefore, the court finds the plaintiff's motion to compel and request for attorney's fees should be denied.

The plaintiff also requests an amendment of the pending scheduling order for the plaintiff and the defendant to conclude discovery, but has not indicated to the court how long of an extension is needed, what deadlines need to be extended, or why the extension is necessary. Therefore, the court will deny the motion to amend the progression order at this time. Accordingly,

**IT IS ORDERED:** The plaintiff's Motion to Compel, For Amendment of Scheduling Order, and for Costs and Attorney Fees (Filing No. 29) is denied.

**DATED: July 29, 2016.**

                              **BY THE COURT:**

                              **s/ F.A. Gossett**
                              **United States Magistrate Judge**